IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | No. 1:09cr183 No. 1:13cv2070 |
| v. | : : | (Judge Munley) |
| GEORGE JONES, Defendant | : : : | |

## **MEMORANDUM**

Pending before the court is Defendant George Jones' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.[1] We will dismiss the motion as untimely.

**Background**

On June 3, 2009, a grand jury issued an indictment charging defendant with intentionally and knowingly distributing and possessing with intent to distribute "five grams and more of cocaine base, a Schedule II controlled substance" in violation of 21 U.S.C. § 841 (a)(1). (Doc. 1). The defendant signed a plea agreement with the government on January 6,

---

[1]On August 20, 2013, the court sent a notice of election to the defendant pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). We ordered the defendant to return the notice of election and indicate whether the court should rule on the motion as filed or whether he sought to withdraw the motion so as to file one-all inclusive 2255 motion. (Doc. 108). We indicated that failure to respond would result in the court ruling on the motion as filed. (Id.) On September 26, 2013, we provided the defendant with additional time to return the notice of election. (Doc. 110). Defendant never returned the notice of election and the time for such filing has passed. We will thus rule on the motion as filed.

2010 wherein he agreed to waive indictment by a grand jury and plead guilty to a felony information to be filed by the United States. (Doc. 31, Plea Agreement ¶ 1). The government filed the "superseding information" on January 8, 2009. (Doc. 30). It charges that from on or about January 27, 2009 through March 19, 2009, defendant intentionally and knowingly distributed and possessed with intent to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841 (a)(1). (Doc. 30).

The defendant pled guilty to the charge before Magistrate Judge J. Andrew Smyser on January 26, 2010. (Doc. 37). Judge Smyser issued a report and recommendation on January 27, 2010 recommending that the court accept the guilty plea and adjudge the defendant guilty of the offense. (Doc. 44, Report and Recommendation). The court adopted the report and recommendation on April 21, 2010. (Doc. 47). The court sentenced the defendant on March 29, 2011. (Doc. 91). He was sentenced to a term of 151 months, supervised release of 3 years, fine of $500.00 and a special assessment of $100.00. (Doc. 92, Judgment).

Defendant filed a notice of appeal to the Third Circuit Court of Appeals on April 7, 2011. (Doc. 94). The Third Circuit affirmed the judgment of sentence on December 5, 2011. (Doc. 101). Defendant moved the Third Circuit for an en banc hearing, which the appeal court denied on January 4, 2012. (Third Cir. Docket Sheet).

Defendant then filed a motion for certiorari with the United States Supreme Court. The Court denied the motion on May 14, 2012. (Id.) The defendant filed the instant motion with the court on August 2, 2013. (Doc. 106).

**Jurisdiction**

As plaintiff brings his motion under section 2255 we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Discussion**

Defendant brings his motion pursuant to 28 U.S.C. § 2255. When a section 2255 motion is filed "[t]he clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence[.] . . . The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of the Rules Governing § 2255 Cases, foll. 28 U.S.C. § 2255. Upon our preliminary screening of this motion, we find that it should be dismissed as untimely filed.

Section 2255 has a one-year statute of limitations. Specifically, the

3

law provides: "A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(1). This court has the authority to raise the statute of limitations issue *sua sponte* particularly at the Rule 4 screening state stage. United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005).

A judgment of conviction becomes final within the meaning of section 2255 when the United States Supreme Court either confirms the conviction and sentence on the merits or denies a timely petition for certiorari. Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).

In the instant case, the petition for writ of certiorari was denied on May 14, 2012. The defendant did not file the instant motion until over a year later on August 2, 2013. Thus, his claims are barred by the statute of limitations, and the motion will be dismissed. An appropriate order follows.

**Date: Nov. 18, 2013**         **s/ James M. Munley**
                                **Judge James M. Munley**
                                **UNITED STATES DISTRICT COURT**