**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 1:09cr183 |
| | : |
| | : (Judge Munley) |
| v. | : |
| | : |
| GEORGE JONES, | : |
| Defendant | : |

## MEMORANDUM

Pending before the court is Defendant George Jones' motion filed under 28 U.S.C. § 2255(f)(3) to vacate, set aside, or correct sentence by a person in federal custody.[1]  (Doc. 117).  We will dismiss the motion because defendant has not obtained the required certificate from the circuit court of appeals.

**Background**

On June 3, 2009, a grand jury issued an indictment charging defendant with intentionally and knowingly distributing and possessing with intent to distribute "five grams and more of cocaine base, a Schedule II controlled substance" in violation of 21 U.S.C. § 841 (a)(1).  (Doc. 1).   The defendant signed a plea agreement with the government on January 6, 2010 wherein he agreed to waive indictment by a grand jury and plead guilty to a felony information to be filed by the United States.  (Doc. 31,

---

[1] Defendant's motion is in the form of a letter to the court.  He asks the court to construe the letter as a 2255 motion.  We have so construed it.

Plea Agreement ¶ 1).  The government filed the "superseding information" on January 8, 2009.  (Doc. 30).  It charges that from on or about January 27, 2009 through March 19, 2009, defendant intentionally and knowingly distributed and possessed with intent to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841 (a)(1).  (Doc. 30).

The defendant pled guilty to the charge before Magistrate Judge J. Andrew Smyser on January 26, 2010.  (Doc. 37).  Judge Smyser issued a report and recommendation on January 27, 2010 recommending that the court accept the guilty plea and adjudge the defendant guilty of the offense.  (Doc. 44, Report and Recommendation).   The court adopted the report and recommendation on April 21, 2010.  (Doc. 47).  The court sentenced the defendant on March 29, 2011 to a term of 151 months, supervised release of 3 years, fine of $500.00 and a special assessment of $100.00.  (Doc. 92, Judgment).

Defendant filed a notice of appeal to the Third Circuit Court of Appeals on April 7, 2011.  (Doc. 94).   The Third Circuit affirmed the judgment of sentence on December 5, 2011.  (Doc. 101).  Defendant moved the Third Circuit for an *en banc* hearing, which the appeal court denied on January 4, 2012.  (Third Cir. Docket Sheet).

Defendant then filed a motion for *certiorari* with the United States Supreme Court.  The Court denied the motion on May 14, 2012.  (Id.)  The

defendant filed a motion under 28 U.S.C. § 2255 with this court on August 2, 2013. (Doc. 106). We denied that motion because it was barred by the statute of limitations. (Doc. 115). Subsequently, the defendant made the instant filing. He seeks to challenge his sentence under 28 U.S.C. 2255(f)(3) on the basis that state court convictions were improperly used to increase his federal sentence. In support of his position, he cites to <u>Moncrieffe v. Holder</u>, - - U.S. - - , 133 S. Ct. 1678 (2013).

**Jurisdiction**

As plaintiff brings his motion under section 2255 we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Discussion**

As noted above, defendant seeks to have the court consider a second section 2255 motion. To properly file a second or subsequent section 2255 motion, the defendant must obtain certification by the appropriate circuit court of appeals pursuant to 28 U.S.C. § 2244. <u>See</u> 28 U.S.C. § 2255(h). Specifically, section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

>   convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255

In the instant case, defendant has not provided such certification. Accordingly, we are without jurisdiction to grant section 2255 relief. See, e.g., Roberson v. U.S., 3:99cr80, 2012 WL 90403 (M.D. Pa. Jan. 11, 2012) (dismissing a second 2255 motion where the defendant did not obtain the required certification). The defendant's motion (Doc. 117) will therefore dismissed. An appropriate order follows.


Date: May 5, 2014          s/ James M. Munley
                           **Judge James M. Munley**
                           **UNITED STATES DISTRICT COURT**