# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES** | : | **No. 1:09cr183** |
| **OF AMERICA** | : | |
| | : | |
| **v.** | : | **(Judge Munley)** |
| | : | |
| **GEORGE JONES,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for review are two documents filed by Defendant George Jones on July 2, 2014.  The first is a document entitled "Clerical Error," and the second is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255.  For the following reasons, we deny defendant's requests for relief.

## Background

On June 3, 2009, a grand jury issued an indictment charging defendant with intentionally and knowingly distributing and possessing with intent to distribute "five grams and more of cocaine base, a Schedule II controlled substance" in violation of 21 U.S.C. § 841 (a)(1).  (Doc. 1).   The defendant signed a plea agreement with the government on January 6, 2010 wherein he agreed to waive indictment by a grand jury and plead guilty to a felony information to be filed by the United States.  (Doc. 31,

Plea Agreement ¶ 1).  The government filed the "superseding information" on January 8, 2009.  (Doc. 30).  It charges that from on or about January 27, 2009 through March 19, 2009, defendant intentionally and knowingly distributed and possessed with intent to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841 (a)(1). (Doc. 30).

The defendant pled guilty to the charge before Magistrate Judge J. Andrew Smyser on January 26, 2010.  (Doc. 37).  Judge Smyser issued a report and recommendation on January 27, 2010 recommending that the court accept the guilty plea and adjudge the defendant guilty of the offense.  (Doc. 44, Report and Recommendation).   The court adopted the report and recommendation on April 21, 2010.  (Doc. 47).  The court sentenced the defendant on March 29, 2011.  (Doc. 91).  He was sentenced to a term of 151 months, supervised release of 3 years, fine of $500.00 and a special assessment of $100.00.  (Doc. 92, Judgment).

Defendant filed a notice of appeal to the Third Circuit Court of Appeals on April 7, 2011.  (Doc. 94).   The Third Circuit affirmed the judgment of sentence on December 5, 2011.  (Doc. 101).  Defendant moved the Third Circuit for an *en banc* hearing, which the appeals court

2

denied on January 4, 2012.  (Third Cir. Docket Sheet).

Defendant then filed a motion for certiorari with the United States
Supreme Court.  The Supreme Court denied the motion on May 14, 2012.
(Id.)   On August 2, 2013, defendant filed his first motion to vacate, set
aside or correct sentence pursuant to 28 U.S.C. § 2255 (hereinafter
"section 2255 motion").  (Doc. 106).   The court issued a "notice of
election" order to the defendant on August 20, 2013 (Doc. 108).  The order
directed the defendant to return the notice of election and to indicate
whether he chose to have the motion ruled upon as filed or whether he
would withdraw it for file an all-inclusive section 2255 motion.  (Id.)  The
order informed the defendant that failure to reply would cause the court to
rule upon the motion as filed.  (Id.)

The defendant then corresponded with the court, and it appeared
that he may not have received the notice of election.  (Doc. 109).  Thus, in
an abundance of caution, the court re-issued the notice of election form
and provided defendant additional time to reply.  (Doc. 110).  The time limit
for replying to the second notice of election order passed, and the
defendant did not return the notice of election.  The court accordingly ruled
upon the section 2255 motion as filed and dismissed it for failure to meet

3

the statute of limitations.  (Doc. 116).[1]   According to the docket, defendant never appealed this decision.

Approximately five months later, the defendant filed a correspondence with the court and a memorandum that we construed as a second section 2255 motion.  (Docs. 117 & 118).  We dismissed the motion on May 5, 2014.  (Doc. 119).  We denied the motion because it was a "second or subsequent" section 2255 motion and to file such a motion a defendant must first obtain certification by the appropriate court of appeals. (Doc. 118).  Defendant had not obtained such certification.

On July 2, 2014, defendant filed a document entitled "Clerical Error" and another section 2255 motion.  (Docs. 122 & 123).  These two matters are now before the court for disposition.

**Jurisdiction**

As plaintiff brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

---

[1]The court issued the notices of election after the motion was filed and the notices indicated that the court was making no determination at that time as to whether the statute of limitations had run on the section 2255 motion.  (Doc. 108, Order of Aug. 20, 2013 at n.1; Doc. 110, Order of September 26, 2013 at n.1).

United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

**Discussion**

On July 2, 2014, defendant filed a document entitled "Clerical Error." (Doc. 122). This document seeks to reopen his section 2255 motion. Pro se pleadings must be construed liberally, accordingly, we will treat the "Clerical Error" document as a motion for reconsideration of our order dismissing his initial section 2255 motion. See Capogrosso v. The Sup. Ct. of N.J., 588 F.3d 180, 184 n.1 (3d Cir. 2009).

The motion to reconsider will be denied as untimely. "Any motion for reconsideration . . . must be . . . filed within fourteen (14) days after the entry of the order concerned." Local Rule 7.10. Here the court issued the order of which defendant complains on November 18, 2013. (Doc. 116). The defendant filed the motion for reconsideration approximately seven and a half months later on July 2, 2014. (Doc. 122). Thus, it is untimely.[2]

---

[2]A party may move for relief from judgment or order under Rule 60 of the Federal Rules of Civil Procedure. Grounds for relief under this rule include, *inter alia*,: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Defendant raises none of these grounds. Even if he had raised Rule 60 grounds, such a motion must be raised "within a reasonable time." FED. R. CIV. P. 60(c)(1). Seven and a half months is not a reasonable time in this

Even if we addressed the merits of the motion, however, defendant would still not be entitled to any relief.  In the motion, he asserts that he never received the court's notice of election forms.  He asks that the case be re-opened and that he be provided an opportunity to file a timely response to the notice of election.  (Id.)  The defendant's request is based on the premise that a timely filed notice of election would have saved his initial section 2255 motion.  This premise is not accurate.

We did not dismiss the initial section 2255 motion on the basis that the defendant failed to timely respond to the notice of election.  Rather, the court dismissed the section 2255 motion because the motion itself was untimely.  The statute of limitations for the motion expired in May 2013, and the defendant did not file the motion until August 2013. The fact that the defendant failed to respond to the notice of election had no bearing on our dismissal of the motion for failure to meet the statute of limitations.

Also in the "Clerical Error" document, defendant asserts that on April 10, 2013, he filed a request for transcripts with the court and that this request should have been construed as a section 2255 motion.  (Doc. 122) The gist of his argument is that on April 10, 2013, the statute of limitations

instance.  Moreover, Rule 60(b) applies to civil cases, not criminal.  See Robinson v. Sniezek, 401 F. App'x 645, 647 n.2 (3d Cir. 2010).

had not yet run on the section 2255 motion, and if the court construed the

transcript request as a section 2255 motion it would have been timely filed.

We are unconvinced by the defendant's argument.  The April 10th

request for transcripts is just that, a request for transcripts.  Although now

he indicates that he wanted the transcript request construed as a section

2255 motion, he made no indication of that at the time and no reason

exists for doing so.  The transcript request did not present any grounds

attacking his conviction or sentence.  Further, the letter itself acknowledges

that his filing deadline for the section 2255 motion is May.[3]  It does not ask

for an extension of time.

The court sent the transcript to the defendant on April 11, 2013.  Our

opinion on defendant's original section 2255 motion indicates that the

statute of limitations expired on May 14, 2013, approximately a month after

the court sent the transcript.  (See Doc. 115, Memo. of Nov. 18, 2013).

Thus, the defendant requested the transcript within the statute of

limitations period and the court provided it within the statute of limitations

period.  The defendant did not file his section 2255 motion, until more than

_____

[3]The letter actually indicates that his deadline to appeal expires in
May.  At the time the letter was sent, however, all defendant's appeals
were completed.  Accordingly, it appears that by "appeal" defendant meant
a section 2255 motion.

7

four (4) months later.  Although pro se filings must be construed liberally,
no reason exists to construe the request for transcripts to be a section
2255 motions.

Thus, the document the defendant labeled "Clerical Error" is
construed as a motion for reconsideration, and it will be dismissed as
untimely.  Even if we were to address the merits of the motion, no grounds
are presented justifying the relief that defendant seeks.

Also before the court is third motion to vacate under 28 U.S.C. §
2255 that defendant filed on July 2, 2014.  (Doc. 123).  To properly file a
second or subsequent section 2255 motion, the defendant must obtain
certification by the appropriate circuit court of appeals pursuant to 28
U.S.C. § 2244.  <u>See</u> 28 U.S.C. § 2255(h).  Specifically, section 2255(h)
provides:

> A second or successive motion must be
> certified as provided in section 2244 by a panel of
> the appropriate court of appeals to contain -
> (1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a whole,
> would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder
> would have found the movant guilty of the offense;
> or
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

8

28 U.S.C. § 2255.

In the instant case, defendant has not provided such certification.

Accordingly, we are without jurisdiction to grant section 2255 relief.  <u>See,</u>

<u>e.g.</u>, <u>Roberson v. U.S.</u>, 3:99cr80, 2012 WL 90403 (M.D. Pa. Jan. 11, 2012)

(dismissing a second 2255 motion where the defendant did not obtain the

required certification).  The defendant's motion (Doc. 123) will therefore be

dismissed.  An appropriate order follows.


**Date:** July 15, 2014                              <u>s/ James M. Munley</u>

                                                            **JUDGE JAMES M. MUNLEY**
                                                            **United States District Court**

9