UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : NO. 1:09-CR-183 |
| | : |
| v. | : (JUDGE MARIANI) |
| | : |
| GEORGE E. JONES, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant George E. Jones' correspondence to the Court which we have construed as a motion for a reduced sentence under section 404 of the First Step Act. (Doc. 126). For the reasons discussed below, the Court will deny the motion.

### II. FACTUAL ALLEGATIONS

On January 8, 2010, Defendant pleaded guilty to intentional and knowing distribution and possession with intent to distribute a controlled substance, cocaine base (crack) in violation of 21 U.S.C. § 841(a). (Docs. 30, 31, 47). The court sentenced, Defendant on March 29, 2011 to a term of imprisonment of 151 months, and 3 years of supervised release. (Doc. 92, Judgment).

The Defendant mailed a letter to the court in December 2019, indicating that he was to be released in May 2020 and asking for "mercy or any kind of relief [the Court] could find under the law," including under the First Step Act. (Doc. 126, Correspondence dated Dec.

30, 2019). On January 6, 2020, the Court issued Standing Order 19-1, appointing the Office of the Public Defender to represent the Defendant as a prisoner who was potentially eligible for relief under the First Step Act. (Doc. 127).

On May 26, 2020, the Office of the Public Defender moved to withdraw as Defendant's counsel on the basis that Defendant is not entitled to First Step Act relief. (Doc. 133). Additionally, Defendant was released from prison and is currently on supervised release. (Doc. 132). The Court granted the Federal Public Defender's motion to withdraw. (Doc. 134, Ord. of June 3, 2020). The Court further ordered the Government to respond to the Defendant's *pro se* letter/motion for First Step Act relief. (Doc. 135).

The Government filed its brief on June 12, 2020. (Doc. 138). The Defendant has filed no reply to the Government's brief, and the time for such filing is past. The matter is thus ripe for disposition.

### III. ANALYSIS

To reduce the sentencing disparity between cocaine and cocaine base (crack) offenses, Congress enacted the Fair Sentencing Act of 2010. Section 2 of the Fair Sentencing Act increased the amount of cocaine base that subjects criminal defendants to the five-year and ten-year mandatory minimum sentences enumerated by 21 U.S.C §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii). *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Specifically, Section 2 of the Fair Sentencing Act increased the threshold quantity of cocaine base (crack) from "50 grams" to "280 grams"

with respect to the ten-year mandatory minimum under 21 U.S.C. § 841(a)(1)(A)(iii), and from "5 grams" to "28 grams" with respect to the five-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B)(iii). *Id.* at § 2(a).

Relief under the Fair Sentencing Act generally did not apply retroactively to those sentenced prior to its enactment. *See Dorsey v. United States*, 567 U.S. 260, 264 (2012). On December 21, 2018, Congress enacted the First Step Act, which gave retroactive effect to Section 2 of the Fair Sentencing Act. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). In relevant part, the First Step Act authorizes federal district courts, on a motion made by a defendant, to impose a reduced sentence for a covered crack offense as if Section 2 of the Fair Sentencing Act was in effect when the defendant committed the covered offense. *Id.* at § 404(b).

The First Step Act sentence cannot be used to amend a sentence "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." *Id.* at § 404(c). The Fair Sentencing Act of 2010 applied to those who the Court sentenced after its enactment. *See Dorsey*, 567 U.S. at 264. Here, the Court sentenced the Defendant on March 29, 2011, after the enactment of the Fair Sentencing Act. Therefore, he has already received any benefit that he was entitled to under the Fair Sentencing Act and the First Step Act is inapplicable to him.

Moreover, the Defendant pleaded guilty to an unspecified weight of cocaine base (crack) under 21 U.S.C. § 841 (a). The penalties for certain specified weights of crack cocaine are set forth in subsections 21 U.S.C. § 841(b)(1)(A)(iii), (280 grams or more of crack cocaine) and 841(b)(1)(B)(iii) (28 grams or more of crack cocaine). Lesser weights, including unspecified weights, by default fall under 21 U.S.C. § 841(b)(1)(C). Thus, the penalty for defendant's conviction of an unspecified weight falls under 21 U.S.C. § 841(b)(1)(C). The Third Circuit Court of Appeals has recently held that convictions under 21 U.S.C. § 841(b)(1)(C) are not offenses covered by the First Step Act. *United States v. Birt*, -- F.3d -- , 2020 WL 4045895 *6 (3d Cir. 2020).

Accordingly, Defendant is not entitled to any relief under the First Step Act and his *pro se* letter/motion will be denied. An appropriate order follows.

_____
Robert D. Mariani
United States District Judge